IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CENTURY SURETY COMPANY,

     Plaintiff,

v.

AMBLING MANAGEMENT
COMPANY, LLC, MARIAH CAGE,
and JACQUEZ DUBINION,

     Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Century Surety Company (or "Century") shows this Honorable

Court the following:

### Nature of Action

1.     This case is an action for declaratory judgment under Rule 57 of the

Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and

other legal relations surrounding questions of actual controversy that presently exist

between Century and the Defendants, i.e., whether Century owes any insurance

coverage obligations in connection with the underlying claims and lawsuit asserted

by Mariah Cage and Jacquez Dubinion against Ambling Management Company,

LLC, and others, related to a December 17, 2023 incident, during which Cage and

Dubinion were allegedly shot at Swift Creek Apartments.

**Parties, Jurisdiction, and Venue**

2.      Century is an Ohio corporation with its principal place of business in Southfield, Michigan.

3.      Defendant Ambling Management Company, LLC, is a Georgia limited liability company.

4.      No member of Ambling Management Company, LLC, is a citizen of or domiciled in Ohio or Michigan.

5.      The sole member of Ambling Management Company, LLC, is APH Holdings, LLC.

6.      The sole member of APH Holdings, LLC, is Ambling Property Investments, LLC.

7.      Ambling Property Investments, LLC, has four members, each of whom is an individual domiciled and residing in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

8.      Defendant Ambling Management Company, LLC, is subject to personal jurisdiction and venue in this Court.

9.      Defendant Mariah Cage is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

10.     Defendant Mariah Cage resides in the Atlanta Division of the Northern District of Georgia.

11.     Defendant Mariah Cage is subject to personal jurisdiction and venue in this Court.

12.     Defendant Jacquez Dubinion is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

13.     Defendant Jacquez Dubinion resides in the Atlanta Division of the Northern District of Georgia.

14.     Defendant Jacquez Dubinion is subject to personal jurisdiction and venue in this Court.

15.     The Court has jurisdiction over this action under 28 U.S.C. § 1332.

16.     Plaintiff is a citizen of a different state than the Defendants.

17.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.

18.     This Court also has jurisdiction under 28 U.S.C. § 2201, as Century is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Century.

## The Underlying Lawsuit

19.     On March 21, 2025, Mariah Cage and Jacquez Dubinion filed a complaint against Ambling Management Company, LLC ("Ambling"), and others, in the lawsuit known as *Mariah Cage and Jacquez Dubinion v. Oracle Atlanta 2017, LP, Oracle Atlanta 2017 GP, LLC, Ambling Management Company, LLC, et*

*al.*, in the State Court of DeKalb County, Georgia, Civil Action File No. 25A02110 ("Underlying Lawsuit").

20.    A true and accurate copy of that complaint is attached to this complaint as Exhibit A.

21.    In their complaint in the Underlying Lawsuit, Cage and Dubinion alleged that, on December 17, 2023, they were residing in apartment 114 in Swift Creek Apartments, located at 2591 Whites Mill Road, Decatur, Georgia, and, as they were sleeping in bed, they were shot by an assailant from outside the apartment, who fled the scene in a black SUV Infiniti. *See* Cage and Dubinion's Complaint for Damages/Exhibit A, ¶ 7.

22.    In their complaint in the Underlying Lawsuit, Cage and Dubinion alleged that Ambling was the manager and operator of Swift Creek Apartments.

23.    In the Underlying Lawsuit, Dubinion and Cage asserted a claim for negligence against Ambling related to the December 17, 2023 shooting incident and sought damages in excess of $300,000, including attorney's fees and costs of litigation.

## Swift Creek Apartments

24.    Oracle Atlanta 2017, LP, is the owner of Swift Creek Apartments.

25.    Oracle Atlanta 2017, LP, was the owner of Swift Creek Apartments throughout 2023.

26.    Oracle Atlanta 2017, LP, has owned Swift Creek Apartments continuously since before 2020.

27.    Oracle Atlanta 2017, LP, is also known as Oracle Atlanta 17, LP.

28.    Ambling entered into a Management Agreement related to Swift Creek Apartments, dated August 31, 2023.

29.    A true and accurate copy of that Management Agreement is attached hereto as Exhibit B.

30.    In the Management Agreement, Ambling agreed to manage Swift Creek Apartments.

31.    Ambling was the manager for Swift Creek Apartments, beginning on August 31, 2023.

32.    Ambling was the manager for Swift Creek Apartments throughout December 2023.

## Commercial Lines Policy

33.    Century issued a Commercial Lines Policy ("Policy"), with Policy Number 1103419 and a policy period of April 5, 2023, to April 5, 2024, to Named Insured Ambling, in addition to other Named Insureds.

34.    A true, certified, and accurate copy of the Policy (with premium amounts redacted) is attached to this complaint as Exhibit C.

35.    The Policy includes a Commercial General Liability Coverage Form, which provides in part:

---

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  * * * *

---

36.    The Policy also provides the following:

---

**SUPPLEMENTARY PAYMENTS- COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

---

37.    The Policy includes the "Conditional Coverage – Real Estate Property Managed" endorsement, which adds the following conditions:

---

**Real Estate Property Managed**

As a condition of coverage:

(1) You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and

(2) Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) on file; and

(3) You provide such certificate(s) of insurance to us upon our request; and

(4) The insurance shown on the certificate(s) of insurance was written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance; and

(5) The Limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than

---

Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

**(6)** You are an insured or an additional insured on the property owner's policy or policies; and

**(7)** The property owner's policy has not restricted coverage for assault and battery exposures by:

    **(a)** Excluding any claims arising out of or alleged to arise out of assault and battery; or

    **(b)** Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

38.    The Policy's Special Exclusions and Limitations Endorsement includes the following exclusion:

**A. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**

This insurance does not apply to:

\* \* \*

**5. Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

39.    The Policy's Special Exclusions and Limitations Endorsement includes the following provisions regarding other insurance:

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.** This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**b.** When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**c.** When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

### Communications between Ambling and Century

40.    Ambling has sought coverage from Century for the Underlying Lawsuit.

41.    In January 2024, Ambling's attorney Emily Macheski-Preston sent Century a copy of a Certificate of Insurance, which provided that Kinsale Insurance Company had issued a commercial general liability policy (with a policy period of

November 30, 2023, to November 30, 2024, and the policy number 0100270994-0)
("Kinsale policy") to insured Oracle Atlanta 2017, LP.

42.    A true and accurate copy of the copy of the Kinsale policy is attached
hereto as Exhibit D.

43.    The Kinsale policy has restricted coverage for assault and battery
exposures, by excluding certain claims arising out of assault and battery.

44.    The Kinsale policy includes an "Exclusion – Assault, Battery, Abuse,
or Molestation" endorsement, which excludes certain claims arising out of assault
and battery.

45.    The Kinsale policy includes an "Absolute Exclusion – Firearms"
endorsement, which excludes certain claims arising out of assault and battery that
involve firearms.

## Declaratory Judgment

46.    Century is in a position of uncertainty or insecurity with respect to its
rights, status, and other legal relations as to the Policy and its obligations (if any)
with respect to the Defendants, the December 17, 2023 shooting incident, and the
Underlying Lawsuit.

47.    The Policy does not cover the December 17, 2023 shooting incident,
any related claims, or the Underlying Lawsuit and will not cover any damages
awarded therein, due to the failure of Ambling and the other Named Insureds to

comply with the Policy's terms and conditions.

48.    Ambling and/or the other Named Insureds may have breached the Policy's condition requiring them to immediately send Century copies of any demands, notices, summonses or legal papers received in connection with a claim or suit brought against any insured.

49.    Ambling did not satisfy the Policy's Real Estate Property Management conditions.

50.    The Policy's Real Estate Property Managed conditions have not been satisfied, as the Kinsale policy has restricted coverage for assault and battery exposures by excluding certain claims arising out of or alleged to arise out of assault and battery.

51.    The Policy's Real Estate Property Management conditions may not have been satisfied in other ways.

52.    Ambling may have breached the Policy's conditions in other ways.

53.    The Policy may also not cover the December 17, 2023 incident, any related claims, and the Underlying Lawsuit and will not cover any damages awarded therein, because those claims and damages may not qualify for coverage under the Policy's Insuring Agreements and/or because exclusions in the Policy preclude coverage.

54.    The Policy excludes any and all claims for punitive damages.

55.    The Policy does not cover any attorney's fees or expenses.

56.    The Policy may be excess to insurance policies issued by other carriers that cover Ambling, such that Century has no coverage obligations with respect to the Underlying Lawsuit.

57.    Century is entitled to a declaratory judgment that Ambling Management is not covered under the Policy for the December 17, 2023 shooting incident, any related claims, and the Underlying Lawsuit, for the reasons set forth herein.

58.    Century relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Century Surety Company prays:

(a)    That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b)    That this Court declare that Century has no duty to defend or indemnify the Defendants for the December 17, 2023 incident, any related claims, and the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c)    For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia  30338-2680
(770) 391-9100
kjackson@boviskyle.com
rbryant@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

/s/ W. Randal Bryant
Ga. State Bar No. 092039

*Counsel for Plaintiff Century Surety Co.*